UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FANNINGS JOHNSON,

    Petitioner,

vs.                               Case No. 8:05-cv-139-T-17TBM

MONICA DAVID, Chairman, FLORIDA
PAROLE COMMISSION, et. al.,

    Respondents.

_____ /

## ORDER

This cause is before the court on Petitioner Fannings Johnson's Petition for Writ of Habeas Corpus dated January 20, 2005.

### PROCEDURAL HISTORY

On November 25, 1970, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, case number 70-33, Petitioner was convicted of Rape and sentenced to a term of Life imprisonment (Exhibit A).

On November 14, 1979, the Petitioner's Presumptive Parole Release Date (PPRD) was established to be July 22, 1980.

On July 22, 1980, Petitioner was released from prison to parole supervision, subject to conditions of supervision until July 22, 1990 (Exhibit B).

Petitioner was charged with violating his Parole supervision on two separate occasions, once in 1985 and again in 1987; however, both times no probable cause was found as to the violations and the Petitioner was restored to Parole supervision.

On May 27, 1988, the Florida Parole Commission issued a Warrant for Retaking Paroled Prisoner, charging the Petitioner with several violations of his Parole supervision, including failing to report, possession of a firearm, robbery and dealing in stolen property (Exhibit C).

On March 29, 1989, the Florida Parole Commission revoked Petitioner's Parole for the first time (Exhibit D).

On July 22, 1997, Petitioner was released for the second time to parole supervision, subject to conditions of parole for Life. As a condition of his parole supervision, Petitioner was required to serve a period of his parole under Community Control supervision (Exhibit E).

Less than three years later, the Florida Parole Commission issued a Warrant for Retaking Parole Releasee, charging the Petitioner with violating his parole supervision by failing to complete Sex Offender treatment (Exhibit F).

Petitioner was afforded his final parole violation hearing on August 4, 2000 (Exhibit G). At the hearing, Petitioner's therapist testified that Petitioner was unsuccessfully terminated from the program on February 17, 2000, after having four unexcused absences in January and February, 2000. (Id. at p. 2) An information sheet provided to Petitioner at the beginning of counseling explained that the treatment provider can terminate anyone from the program after three unexcused absences in any three month period. (Id. at p. 2) The therapist explained that the first phase of the counseling program consists of weekly group counseling sessions, concluding with a final exam. (Id.) If the final exam is passed, participants progress to a one year follow-up period of monthly counseling

sessions. (Id.)   The therapist testified that he informed all participants, including the Petitioner, that they did not pass the final exam on the first attempt and would be required to continue with weekly sessions until they passed the test. (Id. at p. 2-3)

Petitioner's parole officer testified that he had previously counseled with the Petitioner regarding the necessity of regular attendance at counseling sessions and specifically discussed the necessity of program attendance when he received a notice of the second absence in January, 2000. (Id. at 3-4). Petitioner did not offer any reasonable or logical explanation during this discussion for missing the prior two sessions. (Id. at p. 4)

Petitioner testified that after being informed that he had failed the final exam, he was told he would need to complete some remedial work and "assumed that this was the end of his need to attend the weekly counseling sessions and enter into his one-year monthly follow-up counseling sessions." (Id. at p. 4)

Based on the evidence presented, the Parole Examiner concluded that thePetitioner was guilty of violating condition #13 of his parole supervision due to his unsuccessful discharge from mental health treatment for failure to attend scheduled therapy sessions. The parole examiner stated:

> The finding of guilt is based on the direct testimony of parole officer Robert Proctor, that he had instructed Fannings Johnson to participate in sex offender counseling on 9/17/97, and therapist Mike Huffman, Intensive Treatment Modalities, that Fannings Johnson missed four consecutive scheduled sex offender counseling sessions on

1/19/2000, 1/26/2000, 2/8/2000, and 5/15/2000[1] (sic), therefore was unsuccessfully terminated from the sex offender treatment program on 2/17/2000. Both Officer Proctor and therapist Michael Huffman testified that Fannings Johnson had been counseled about the consequences of missing counseling sessions. Michael Huffman also testified that he clearly advised Fannings he had failed the final exam and would have to pass the exam before moving into the final year of monthly follow-up counseling.

Exhibit G, page 7.

On August 23, 2000, the Florida Parole Commission issued its Order revoking the Petitioner's parole supervision (Exhibit H).

On December 10, 2001, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of the 14th Judicial Circuit, in and for Gulf County, case no. 2001-536-CA challenging his parole revocation (Exhibit I). The Parole Commission's response is included as Exhibit J.

On August 12, 2003, the Circuit Court issued its Order Denying the Petition for Writ of Habeas Corpus, stating:

> This case is before the Court on the Petitioner's Petition for Writ Habeas Corpus and the Court having reviewed and considered the Petition and the Response filed by the Florida Parole Commission and all other pleadings filed in this case, finds and decides that the Petitioner is not entitled to the requested relief.
> The Petitioner was released on a term of parole supervision for life following his conviction for Rape in 1970. Special condition 13 of his parole supervision provided that:
>
>> I agree to participate, during my parole term, in a mental health treatment program to include rape and aggressive behavior until a determination is made by authorities

---

[1] The testimony reflected that Petitioner missed a session on 2/15/2000. The Parole Examiner's reference to 5/15/2000 is apparently a scrivener's error.

of the program that I am no longer in need of such treatment.

Petitioner was unsuccessfully discharged from sex offender treatment at the ITM Group program due to absences. After being afforded his parole preliminary and final parole revocation hearings, the Petitioner was found guilty of violating special condition 13 and his parole was revoked based on the evidence that he had been instructed by the Parole Officer to comply with the special condition by participation in the sex offender treatment program and based on the fact of his unsuccessful discharge from the program due to his failure to attend. (Respondent's Exhibit R)

These proceedings are in the nature of an appellate review in that the Petitioner is contesting an order of the Florida Parole Commission revoking his parole. See Shelev v. Florida Parole Commission. 703 So. 2d 1202 (Fla. 1st DCA 1997), approved, 720 So. 2d 216 (Fla. 1998): Newell v. Moore. 826 So.2d 1033 (Fla. 1st DCA 2002) The Commission's decision is clothed with a presumption of correctness, Wasko v. State, 505 So.2d 1314 (Fla. 1987) and the standard of review in a probation or parole revocation is whether the revoking authority has abused its discretion. State ex rel. Florida Parole and Probation Commission, v. Helton. 313 So.2d 413 (Fla. 1st DCA 1975)

The Petitioner raises the following claims:

1) The Revocation of Parole order is based on unverified facts, in that,

    a) the Petitioner claims that he did not miss four sessions in a row,
    b) that the Termination of Treatment Report may not be used to support reincarceration,
    c) that he was not provided program rules and,
    d) the Parole Officer never discussed and warned the Petitioner about absences.

2) The revocation is not based on a willful violation of the special condition of his parole supervision.

The Court finds that the Petitioner's claims that 1) it was not the therapist's intent in discharging the Petitioner from the program to have the Petitioner returned to incarceration, 2) the Petitioner was not provided the rules of the program and 3) the March 10, 2001 letter provided in the Petitioner's Exhibit J supporting these new claims, were not raised in the lower tribunal proceedings and are not preserved for review. Tillman v. State, 471 So. 2d 32 (Fla. 1985);

Barbery. State, 301 So. 2d 7 (Fla. 1974).

The Court finds that the evidence in this case as memorialized in the hearing summary (Respondent's Exhibit Q), supports the Parole Commission's decision to revoke the Petitioner's parole supervision.

The Petitioner's therapist testified that everyone in the January 12, 2000 session had failed the final exam and were informed that they would have to pass the final exam before starting monthly counseling sessions. He further testified that the Petitioner was the only one who did not continue and that he was unsuccessfully terminated from the program for absences. There is no evidence to reflect that the Petitioner was not in attendance at the January 12, 2000 meeting. The Parole Officer testified that the Petitioner had missed program sessions before and had been counseled and warned about the consequences and that the Petitioner had no reasonable or logical explanation for the absences. The Court finds that this evidence supports the finding of willful and substantial violation of parole and it is within the prerogative of the trier of fact to believe or disbelieve the Petitioner's claim that he mistakenly believed he could now attend the monthly treatment sessions. Miller v. State. 661 So.2d 353 (Fla. 4th DCA 1995).

It is therefore:

ORDERED and ADJUDGED that the instant petition is hereby DENIED.

(Exhibit K).

Petitioner sought review of the denial of his Petition by filing a Petition for Writ of Certiorari in the District Court of Appeal, First District of Florida, case no. 1D03-4147 (Exhibit L). The Commission's Response is included as Exhibit M.

On March 10, 2004, the District Court issued its Order denying Petitioner's Petition for Writ of certiorari on the merits, *per curiam*, without opinion (Exhibit N).

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Petitioner's petition must be **DENIED**.

Ground One

Petitioner first challenges the Florida Parole Commission's revocation of his parole in 2000, alleging that the condition of supervision that he "participate" in a counseling program does not require that he "successfully complete" such program. Respondent David notes that a review of Petitioner's original state habeas petition in Gulf County case no. 2001-536-CA challenging his parole revocation (Exhibit I), does not make this claim. The claim was first raised in his Petition for Writ of Certiorari in the District Court of Appeal, First District of Florida, case no. 1D03-4147 (Exhibit L, p. 5, 6). The Commission noted in its Response in case no. 1D03-4147 that Petitioner had raised this claim for the first time (Exhibit L, p. 10), and argued that the claim was not preserved for review by the District Court.

Petitioner's first claim is not exhausted for purposes of federal habeas corpus review, and because Petitioner may not return to state circuit court to exhaust this claim due to the doctrine of abuse of the writ, the claim is procedurally defaulted. Exhaustion is a doctrine based upon principles of comity and is designed to permit the states to have the first opportunity to review decisions of their courts or agencies. Heath v. Jones. 863 F.2d 815 (11th Cir. 1989); Bell v. Wainwright. 531 F.2d 1339 (5th Cir 1976). Based upon principles of comity, federal courts routinely defer to the courts of Florida to give them the first opportunity to review any alleged violations. Rose v. Lundy, 455 U.S. 509 (1982); Heath v. Jones. supra; Arango v. Wainwright. 716 F.2d 1353 (11th Cir. 1983); Horowitz v. Wainwright. 708 F.2d 1403 (11th Cir. 1983); Bell v. Wainwright. supra. Habeas corpus relief is unavailable to state prisoners who bypass state remedies. Tifford v. Wainwright. 588 F.2d 954, reh. den.. 592 F.2d 233 (11th Cir. 1979); Medina v. Singletary, 59

F.3d 1287, *rehearing and suggestion for rehearing denied*, 70 F.3d 1287 (11th Cir. 1995), cert. den., 517 U.S. 1247 (1995). In order to properly exhaust a claim, that claim must have been pursued in the state courts through the appellate level. Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979).

Where a state prisoner has failed to properly raise an issue in state court such that the state court would now refuse, on procedural grounds, to resolve the issue, the federal courts will respect the state court's procedural bar. Wainwright v. Sykes, 433 U.S. 72 (1977). A federal habeas court will not consider an issue if the prisoner did not preserve that issue in state court and thereby committed procedural default, unless he can demonstrate cause for and actual prejudice from the default. Lancaster v. Newsome, 880 F.2d 362 (11th Cir. 1989); Footman v. Singletary, 978 F.2d 1207 (11th Cir. 1992).

Petitioner has not and cannot demonstrate cause for and prejudice from his default. Further, Petitioner's first ground fails to raise a federal claim and federal habeas corpus review is also precluded on that basis.

Ground Two

The Petitioner next challenges the Florida Parole Commission's revocation of his parole arguing that there was insufficient evidence to sustain the revocation. Petitioner raised this claim in his state habeas corpus petition (Exhibit I). However he abandoned this claim in his Petition for Writ of Certiorari in the District Court of Appeal, First District of Florida, case no. 1D03-4147 (Exhibit L), arguing only that his violation was not willful. This ground is consequently not exhausted for purposes of federal habeas corpus review, and because Petitioner may not return to state circuit court to exhaust this claim due to the doctrine of abuse

8

of the writ, the claim is procedurally defaulted.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court held that a state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the State's ordinary appellate review procedure in order to satisfy the exhaustion requirement of 28 U.S.C. Section 2254(c), which provides that a habeas petitioner "shall not be deemed to have exhausted (state court) remedies ...if he has the right under (state) law ...to raise, by any available procedure, the question presented." The Court determined that the creation of a discretionary review system does not, without more, make review in the Illinois Supreme Court unavailable.

Here, certiorari review in Florida appellate courts is a part of Florida's ordinary appellate review procedure. Shelev v. Florida Parole Commission, 720 So. 2d 216, 217 (Fla. 1998). The application for such review is not a *matter* of discretionary jurisdiction, but is a matter of right. Even if certiorari review were a matter of discretion, under O'Sullivan such review would have to be properly sought in order to exhaust because such review is a part of the ordinary appellate review procedure.

Petitioner has not and cannot demonstrate cause for and prejudice from his default.

### Ground Three

The Petitioner next challenges the Florida Parole Commission's decision to revoke his parole arguing that his violation was not willful. The

state circuit court concluded that:

> The Court finds that this evidence supports the finding of willful and substantial violation of parole and it is within the prerogative of the trier of fact to believe or disbelieve the Petitioner's claim that he mistakenly believed he could now attend the 2onthly treatment session. Miller v. State, 661 So. 2d 353 (Fla. 4th DCA 1995).

Exhibit K.

Petitioner again raised the claim of willfulness in his certiorari petition in state appellate court (Exhibit L). This claim is therefore exhausted, but Petitioner fails to raise a federal claim which is reviewable in federal habeas corpus proceedings.

The Eleventh Circuit Court of Appeals has held that questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes, and that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, because no question of a constitutional nature is involved. Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). Questions of state law cannot be raised on federal habeas corpus. Llamas-Almaquer v. Wainwright, 666 F.2d 191 (11th Cir. 1982). See also Rule 1, Rules Governing Section 2254 Cases in the United States District Courts.

The purpose of a federal habeas proceeding is to review the lawfulness of the petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. Coleman v. Thompson, 501 U.S. 722 (1991). Only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir.

1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The U.S. Supreme Court has often held that federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire. 502 U.S. 62, 67-68 (1991),"reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."

A federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.)(per curiam), cert. denied, 504 U.S. 944 (1992). It is well-established that federal courts cannot review a state's failure to adhere to its own sentencing procedures. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). As the Eleventh Circuit succinctly stated:

> A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S. 975, reh'g denied. 507 U.S. 1046 (1993).

Because the Petitioner's third ground is not reviewable by this Court, the instant Petition for Writ of Habeas corpus must be denied.

The Court does not find Petitioner's arguments in the reply persuasive.

Accordingly, the Court orders:

11

That Petitioner's petition is denied. The Clerk is directed to enter judgment for Respondents and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on *November 29th*, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record; Fannings Johnson, Pro Se